NicholsoN, O. J.,
delivered the opinion of the Court.
The bill alleges, that on the 21st of April, 1866, complainant Mulherrin and his wife sold a tract of land in Dyer county to J. M. Hill and W. F. Drum-mond, for $5,575, on five years credit, and took their five notes therefor. That they executed to them a deed in fee simple, which is exhibited as part of the bill, and from which it appears that the notes given for the land are described, and an express lien retained to secure their payment. It is alleged, that in August, 1866, Drummond sold his interest in the land, and thereupon Mulherrin gave up the notes of Hill and Drummond, and received in lieu the notes of Hill with one Curtis as surety, payable to himself.
It is alleged, that Hill has no other means out of which the notes can be satisfied, and that he has left the State. It alleges further, that Hill, on the 21st of November, 1867, conveyed the land to S. E. Latta, in trust, to secure a debt of about $800 due to M. J. Light.
The complainants pray for attachment, and to have their vendor’s lien enforced.
An attachment was granted, and was levied on the land. Hill and Latta were made defendants. Latta demurred to the bill, and upon the overruling of his demurrer, he *60 answered. Hill afterwards appeared and demurred, and upon the overruling of his demurrer, lie appealed to this Court. Several causes of demurrer were assigned by Hill, which it is necessary to notice:
1. Because the notes mentioned in the bill as exhibits are not filed as exhibits. The notes appear in the record. There is nothing in this cause of demurrer.
2. Because the lien of complainants was lost by the taking of personal security on the notes, and complainants are not entitled to enforce any lien against an innocent purchaser without notice. The substitution of the notes of Hill and Curtis for the notes of Hill and Drummond was no waiver of the vendor’s lien, especially as there was an express lien reserved on the face of the deed. Nor could Latta rely upon the de-fence of an innocent purchaser without notice. The registration of the deed with a lien on its face reserved, was notice to him, even if he occupied in other respects the attitude of a purchaser for valuable consideration, which he did not do. This cause of demurrer was not well taken.
3. Because the bill assigns no cause for the issuance of an attachment. If the bill was filed against Hill, either as an absconding or a non-resident debtor, the allegation that he had “left the. State” was not sufficient to authorize the issuance of an attachment. But the bill was filed to enforce an express lien, . and the allegations are sufficient to authorize an injunction, but not an attachment, for the more certain enforcement of this equitable claim upon the land. This cause of de *61 murrer was well taken, and the attachment ought to have been discharged.
4. For want of equity on the face of the bill. The allegations of the bill, if true, make out a clear case for the jurisdiction of a court of equity. The joinder of his wife with him as complainant, by Mulherrin, was not erroneous. It is simply an admission of record, that the notes of Hill and Curtis are not exclusively his own, but that his wife has an interest in them.
There was no error in the action of the Chancellor in overruling the demurrer, except as to the attachment, and the same is affirmed, except that the attachment is discharged with costs, and the cause remanded for further proceeding.